```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MASCARO CONSTRUCTION, CO., L.P.,

                        Petitioner,          09-CV-0427T

                v.                            **DECISION**
                                              **and ORDER**
LOCAL UNION NO. 210, LABORERS
INTERNATIONAL UNION OF NORTH
AMERICA, AFL-CIO,

                        Respondent.
_____
```

INTRODUCTION

Petitioner Mascaro Construction Co., L.P. ("Mascaro"), brings this action pursuant to 9 U.S.C. § 1 et seq., and 29 U.S.C. § 185 seeking a permanent stay of a determination made by respondent Local Union No. 210, Laborers International Union of North America, AFL-CIO ("the Laborers' Union" or "Union") that Mascaro has violated a Collective Bargaining Agreement ("CBA") to which the parties are both signatories. Specifically, Mascaro contends that the determination made by the Laborers' Union that Mascaro violated the CBA by subcontracting with a member of the Carpenters' Union for the unloading and handling of finished door products at the construction site of the Federal Courthouse in Buffalo, New York, is without merit, and not binding, because the Laborers' Union lacks authority under the CBA to make such a determination. Accordingly, Mascaro seeks a permanent stay of enforcement of the determination made by the Laborers' Union, and asks that the court void the Union's determination.

Respondent Laborers' Union contends that Mascaro violated the CBA by subcontracting work covered by the CBA to a construction company that is not a party to the Laborers' Union CBA. The Laborers' Union further contends that because the CBA grants the Union sole authority to determine disputes regarding subcontracting, it acted within its authority in determining that Mascaro violated the CBA. The Laborers' Union seeks an order from the Court affirming its determination that petitioner violated the terms of the CBA, and an award of attorneys' fees.

For the reasons set forth below, I grant Mascaro's petition, and Order that respondent be enjoined from attempting to enforce its decision that Mascaro violated the CBA by awarding certain work to carpenters, rather than to the laborers. I further grant petitioner's request to vacate the Union's determination that Mascaro breached the CBA to which the parties are a signatory. Finally, I deny respondent's countercalims.

BACKGROUND

Petitioner Mascaro Construction Co., L.P. is the general contractor in charge of construction of the new federal courthouse in Buffalo, New York. As the general contractor, Mascaro routinely subcontracts work out to various other construction companies for the purpose of completing discrete portions of the construction project. Moreover, Mascaro is a signatory to CBA's with various local unions, including the respondent Laborers' Union Local 210, and Local 289 of the Carpenters' Union.

In fulfilling its duties as general contractor, Mascaro awarded a contract for the installation of certain pre-finished doors and door bucks to Claude Mayo Construction, ("Mayo") a company that is a signatory to the Carpenters CBA, but not to the Laborers CBA. The contract awarded to Mayo included not only the installation of the doors and door bucks, but also the transportation and handling of the doors and associated materials. Indeed, the Carpenters' Union CBA, to which both Mascaro and Mayo are signatories, expressly provides that the unloading and stocking of pre-finished doors is within the jurisdiction of the Carpenters' Union. See Agreement between the Empire State Regional Council of Carpenters and Construction Employers, May 15, 2007 to May 14, 2012 at Art. XIII, ¶ 3(b) (providing that "[t]he handling . . . installing and dismantling of . . . all materials used by carpenters" is within the jurisdiction of carpenters). By contrast, the Laborers CBA is silent with respect to the transportation and handling of pre-finished doors for installation at a project site.

On February 16, 2009, the Laborers' Union filed a grievance with Mascaro claiming that Mascaro had violated the Laborers' CBA by "failing to hire Laborers to perform the work of unloading doors and door bucks" at the federal courthouse construction site. See February 16, 2009 letter from Laborers' Union to Mascaro Construction Co. Thereafter, Mascaro informed the Laborers' Union that the work of unloading the doors had been awarded to the

Carpenters' Union pursuant to the Carpenters' Union CBA, to which both Mascaro and Mayo were signatories. See February 20, 2009 letter from Mascaro Construction Co. to Peter Capitano. Mascaro further explained because the Carpenters' Union claimed jurisdiction over the unloading and transportation of the doors and door bucks, a jurisdictional dispute existed between the Laborers and Carpenters, and therefore the dispute could not properly be resolved through the grievance process. Nevertheless, on March 13, 2009, the Laborers' Union informed Mascaro that the Union, pursuant to Article XIII of the CBA, unilaterally determined that Mascaro had violated Article XII of the CBA by awarding work covered under the CBA to a non-signatory to the Laborers' CBA. See March 13, 2009 letter from attorney Richard Furlong to Mascaro Construction Co. The Laborers demanded information regarding the contract between Mascaro and Mayo for the purpose of determining the amount of damages due the Laborers for Mascaro's alleged breach of the CBA. This action ensued.

DISCUSSION

Mascaro contends that the grievance filed by the Laborers' Union creates a jurisdictional dispute between the Laborers and Carpenters as to who is entitled to perform the work of unloading and handling pre-finished doors and door bucks at the construction site, and as a result, the Laborers' Union may not, pursuant to the Laborers' CBA, unilaterally determine that Mascaro improperly awarded Laborers' work to the Carpenters' Union. The Laborers'

Union contends that it has not raised a jurisdictional dispute, but instead has merely determined that Mascaro violated the CBA's prohibition against subcontracting Laborers' work to non-signatories.

Article XII of the Laborers' Union CBA provides in relevant part that any employer bound by the terms of the CBA "shall not subcontract <u>work covered by this Agreement</u> to a firm, person or group where such firm, person or group is not a party to or bound by this Agreement . . . ." <u>See</u> Agreement between Local Union No. 210 Laborers International Union of North America AFL-CIO and The Employer, 2007-2012 at Art. XII, ¶ 1 (emphasis added). The CBA further provides that: "Should any dispute arise concerning the interpretation or application of any clause in this agreement directly or indirectly, <u>other than those relating to</u> . . . <u>jurisdictional disputes</u>, the Union shall have the sole jurisdiction to decide such dispute. <u>Id.</u> at Art. XIII, ¶ 1(a)(emphasis added). Pursuant to this dispute resolution clause, the Laborers' Union contends that it has the sole, unilateral authority to determine what work is covered by the Agreement, and whether or not an employer breached the agreement by awarding such work to a non-signatory to the CBA. The Laborers' Union contends that because the question of whether or not an employer has awarded Laborers' work to a non-signatory goes to the issue of breach of contract, and does not raise a dispute as to jurisdiction. Accordingly the

Union claims that it has the authority to unilaterally determine whether or not a breach has occurred.

I find, however, that the grievance raised by the Laborers' Union claiming that Mascaro violated the CBA by awarding work "covered by the Agreement" to a non party to the Agreement raises a jurisdictional dispute that may not be unilaterally resolved by the Union pursuant to the grievance process set forth in the CBA. In the context of labor relations law, a "jurisdictional dispute" is "a dispute between two or more groups of employees over which is entitled to do certain work for an employer." N.L.R.B. v Radio & Television Broadcast Eng. Union, 364 U.S. 5763, 579 (1961). In the instant case, the Carpenters' Union has claimed entitlement (pursuant to express provisions of its CBA and historical labor practices in the Buffalo, New York area)) to the work of unloading and transporting doors and door bucks. See Letter of Thomas Burke dated April 2, 2009. By asserting that Mascaro awarded "work covered by [the Laborers'] Agreement" to a non-signatory to the Agreement, the Laborers have claimed entitlement to the same work. Accordingly, a jurisdictional dispute exists that may not be resolved unilaterally by the Union pursuant to the CBA's dispute resolution procedure.

The Laborers' Union claims, however, that it has not claimed entitlement to the work of unloading and transporting doors and/or door bucks, but simply that it has made a determination that Mascaro improperly awarded that work to a non-signatory. I

disagree.  It is undisputed that in order to substantiate a violation of the subcontracting clause of the CBA, the work that was allegedly improperly awarded must have been "work [that] is covered by [the Laborer's Collective Bargaining] Agreement."  See Agreement between Local Union No. 210 Laborers International Union of North America AFL-CIO and The Employer, 2007-2012 at Art. XII, ¶ 1  Accordingly, in concluding that Mascaro violated the subcontracting clause of the CBA, the Laborers' Union necessarily determined that the work of unloading and handling the doors and door bucks was work that was covered under the CBA.  In doing so, and perhaps more importantly, in seeking compensation for having lost that work,  the Laborers' claimed the work as their own, and created a jurisdictional dispute.  See Local 30, United Slate, Tile and Composition Roofers, v. N.L.R.B., 1 F.3d 1419, 1427 (3rd Cir., 1993) ("The distinction . . . between seeking the work and seeking payment for the work is ephemeral"); See also, Local 513 International Union of Operating Engineers v. J.S. Alberici Construction Co., 936 F.2d 390, 392 (8th Cir., 1991)(breach of subcontracting clause in CBA jurisdictional in nature).

The Laborers, however, contend that as a matter of law, claiming a subcontracting violation against a general contractor raises only a breach of contract claim, and does not raise a jurisdictional dispute.  In support of its argument, the Laborers cite Laborers International Union of North America, State of

Indiana and Capitol Drilling Supplies, Inc., 318 NLRB 809 (1995) which provides that:

> in the construction industry, a union's action through a grievance procedure, arbitration, or judicial process, to enforce an arguably meritorious claim against a general contractor that work has been subcontracted in breach of a lawful union signatory clause, does not constitute a claim to the subcontractor for the work, provided that the union does not seek to enforce its position by engaging in or encouraging strikes, picketing, or boycotts or by threatening such actions.

318 NLRB 809, 810 (1995); See also, Hutter Construction Co. v. Int'l Union of Operating Engineers, Local 139, AFL-CIO, 862 F.2d 641 (7th Cir.1988)(claim of violation of subcontracting clause does not give rise to jurisdictional dispute). The Laborers' contend that because they have not sought to enforce their claimed right to the unloading and transporting work against the subcontractor Mayo by engaging in or encouraging strikes, picketing, or boycotts or by engaging in any coercive behavior, they have not initiated a jurisdictional dispute between competing unions, and instead have raised only a breach of contract issue which may be resolved via the arbitration process.

Capitol Drilling, however, is distinguishable. In Capitol Drilling, the general contractor, through a subcontractor, awarded certain work to a Laborers' Union. Although the general contractor had entered into a CBA with an Operating Engineers Union, the general contractor had no collective bargaining relationship with the Laborers' Union. The Operating Engineers filed a grievance

with the general contractor claiming that the assignment of work to the Laborers violated the contractor's obligation not to assign work to non-signatories to the Operating Engineers' Union CBA. Thus, unlike the instant case, where Mascaro is a signatory to CBA's with the Laborers' Union and the Carpenters' Union, and is thus obligated by both Agreements to assign work covered by the Agreements to the appropriate unions, in Capitol Drilling, the general contractor was bound only by its agreement with the Operating Engineers, and had no obligation to assign any work to the Laborer's union. Because there was no obligation to assign work to the Laborer's in Capitol Drilling, there could be no jurisdictional dispute between two Unions with enforceable rights to either be awarded the work in dispute, or be compensated in the event the work was improperly assigned to another party.[1] In short, both of the Unions in the instant case–the Carpenters' and the Laborers'–are making claim to the same work, which is the classic recipe for a jurisdictional dispute. In this case, Mascaro is faced with competing claims from two Unions to which Mascaro is contractually obligated. Both Unions claim that the

---

[1] The same distinction is applicable to the case of Hutter Construction relied on by the respondent. In Hutter, the general contractor was a signatory to only one CBA, and thus unlike Mascaro, which has contractual obligations to two competing Unions, the contractor in Hutter had contractual obligations to only one of the competing Unions. The same distinction is true of Betal Environmental Corporation v. Local Union Number 78, Asbestos, Lead & Hazardous Waste Laborers, 162 F.Supp.2d 246 (S.D.N.Y., 2001) cited by respondent.

unloading and handling of doors and door bucks is work that falls within their respective CBA's, and each Union contends that failure to be awarded that work would result in a breach of contract. Resolution of the Laborers' Union claim necessarily requires a determination of which Union is entitled to do the work in dispute. If the laborers are entitled to the work, and did not receive the work, then they may well have stated a claim for breach of contract. But the underlying question is whether or not they were entitled to the work under the CBA. Because Mascaro is faced with competing claims for the work from two Unions with whom the company has a collective bargaining relationship, the Laborers' claim, even though made in the context of a claim for a breach of contract, creates a jurisdictional dispute. Because under the Laborers' CBA, jurisdictional disputes may not be resolved through the grievance process, the Laborers' Union may not enforce its finding of a breach of contract against the petitioner.[2]

---

[2] The exclusion of jurisdictional disputes from the grievance process under the Laborers' CBA distinguishes the instant case from Miron Construction Co., Inc., V. International Union of Operating Engineers, Local 139, 44 F.3d 558 (7th Cir., 1995), cited by the respondent. In Miron, although the general contractor was a signatory to the CBA's of two Unions who claimed the right to specific work pursuant to their respective CBA's, one of the CBA's did not exclude arbitration of jurisdictional matters, and so the appeals court affirmed the district court's finding that the jurisdictional matter was appropriate for arbitration between the union and the employer. In this case, jurisdictional disputes are excluded from the arbitration process, and therefore arbitration is not the appropriate mechanism for resolution of the dispute over whether or not unloading and handling of doors falls within the province of the

If the Laborers' were allowed to bring breach of contract claims via the grievance procedure under the circumstances presented herein, the Laborers' could simply claim that <u>any</u> work that was not awarded to them was work that fell under the terms of the Laborers' CBA, and could then initiate a grievance, and under the terms of the CBA, unilaterally decide that the work in dispute should have been awarded to the Laborers. As long as the Laborers' did not make a claim for the work, or take any coercive action against the employer or subcontractor, they could then unilaterally determine that the employer violated the subcontracting clause of the CBA, and obtain damages. Such a result is absurd, and is contrary to the spirt of the labor laws, which are intended, <u>inter alia</u>, "to promote industrial peace and responsibility by permitting agreements between labor organizations and employers to be enforced in federal court", and to develop "a body of labor law that gives consistent and uniform interpretations of labor contract terms." <u>Painting and Decorating Contractors Ass'n of Sacramento, Inc. v. Painters and Decorators Joint Committee of East Bay Counties, Inc.</u>, 717 F.2d 1293 (9th Cir., 1983) Under the Laborers' proposed construct, an employer who is faced with competing payment claims for the same work from Unions to which the employer is obligated via competing CBA's, would have no recourse against one Union's unilateral determination that the Union was entitled to the work, and entitled to compensation for the work.

---

Laborers' CBA.

For the reasons set forth above, I grant petitioner's motion to stay execution of the finding by the Laborers' Union that petitioner is in violation of the CBA, and vacate the Union's purported arbitration award.

Respondent contends that its Due Process rights have been violated by this Court's Order directing the parties to brief the issues presented by Mascaro's Petition on an expedited basis. While Rule 12 of the Federal Rules of Civil Procedure provides a maximum of 20 days in which to answer or otherwise respond to a Complaint, district courts retain inherent powers to control their calenders, and modify filing dates, provided there is no prejudice to the parties. See Drinan v. Nixon, 364 F.Supp. 853 (D. Mass., 1973)(district court, via issuance of Show Cause Order, maintained discretion to shorten period for filing responsive pleadings).  In the instant case, I find that respondent was not prejudiced by this Court's Order that briefs be filed on an expedited basis.  A review of cases pending before the Western District of New York reveals that respondent and its chosen counsel have a long-standing attorney-client relationship. Accordingly, respondent was not faced with a situation in which it was forced to hire an attorney and inform the attorney of the nature of the proceedings.  Moreover, because counsel has represented the Respondent in the underlying grievance proceedings, counsel is thoroughly familiar with the facts and legal issues presented by this dispute.  Accordingly, I find that this court's shortening of respondents time to respond

from 20 days to eight days did not prejudice the respondent. I further find that this court has jurisdiction to hear and consider Mascaro's Petition absent the filing of a Complaint. See <u>In re Construction Industry Employers Association and McKinney Drilling Co.</u>, 08-CV-260A (Arcara, J.)(allowing action to be commenced via filing of Petition, without filing of a Complaint).

<u>CONCLUSION</u>

For the reasons set forth above, I grant petitioner's request for a permanent stay of respondent's determination that the petitioner violated the CBA, and grant petitioner's request to vacate the Union's determination. I further deny respondent's Counterclaims seeking, <u>inter alia</u>, confirmation of its determination that Mascaro breached the CBA, and an award of attorneys' fees.

ALL OF THE ABOVE IS SO ORDERED.

s/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:  Rochester, New York
        May 15, 2009